IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN M. DONOHUE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. SA-14-CV-767-XR |
| | § | |
| SAN ANTONIO POLICE | § | |
| DEPARTMENT, ET AL. | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

On this day, the Court considered Plaintiff's Motion to Remand. Docket no. 8. After careful consideration, the motion is GRANTED.

Plaintiff filed a pro se petition in the 57th Judicial District Court of Bexar County, Texas on August 7, 2014. In that petition Plaintiff alleged that he was wrongfully imprisoned and assaulted by police officers in August 2013. The Defendant promptly removed the case to federal court. The Court previously found it had federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367. *See* docket no. 5. After removal, Plaintiff filed an amended complaint on October 10, 2014 (docket no. 7) that eliminated any references to federal law, and then filed this motion to remand the same day. Defendants have not responded to the motion to remand.

A district court has discretion to remand claims over which they have supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). At the early stages of litigation, a court should decline to exercise supplemental jurisdiction and remand the case to state court if the federal claims have been dropped and only state-law claims remain. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit

1

in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *Certain Underwriters at Lloyd's, London & Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 579 (5th Cir. 2006). Plaintiff's amended complaint dropped his federal claims. The Court therefore declines to exercise supplemental jurisdiction over the remaining state-law claims, pursuant to *Carnegie-Mellon*, as the case is still in the early stages of litigation.

    For the above reasons, the Court GRANTS Plaintiff's motion for remand (docket no. 8). The Clerk is directed to REMAND this case to state court and to close the case.

    It is so ORDERED.

    SIGNED this 30th day of October, 2014.

    _____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE